

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Dajore J. Marks, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | |
| | ) | CASE NO. 1:23-cv-00431-MJT-CLS |
| Javitch Block LLC, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## RESPONSE IN OPPOSITION TO DEFENDANT JAVITCH BLOCK LLC MOTION TO DISMISS

### INTRODUCTION

Plaintiff DAJORE J. MARKS, hereby submits his response in opposition to Defendant Javitch Block LLC's (hereinafter "Javitch") Motion to Dismiss. Plaintiff contends that his complaint has sufficiently stated a claim under 15 U.S.C. § 1692c(a)(1) and that Javitch's arguments regarding 15 U.S.C. § 1692g(b) do not warrant dismissal of the action. Plaintiff respectfully requests that the Court deny Javitch's Motion to Dismiss for the following reasons:

Plaintiff DAJORE J. MARKS, in response to Defendant Javitch Block LLC's assertion of claim abandonment, hereby submits a detailed rebuttal. This rebuttal not only addresses the specific points raised by the defendant but also clarifies the plaintiff's steadfast position and reinforces the validity of his claim under the Fair Debt Collection Practices Act (FDCPA).

## I.    ARGUMENT

A.    Plaintiff Has Sufficiently Stated a Claim Under 15 U.S.C. § 1692c(a)(1).

The Plaintiff, DAJORE J. MARKS, has cogently articulated a claim under 15 U.S.C. § 1692c(a)(1), alleging a clear and actionable violation by Defendant Javitch Block LLC. This statute is a cornerstone of the Fair Debt Collection Practices Act (FDCPA), designed to protect consumers from invasive and abusive debt collection practices. It specifically prohibits communication at any unusual time or place or at a time or place known or which should be known to be inconvenient to the consumer. The Plaintiff's explicit notification to Javitch that email was the sole convenient method of communication was a clear directive under this statute, establishing a legally recognized boundary for communication.

The Defendant's decision to communicate via traditional mail, despite this explicit directive, was not merely an oversight but a willful disregard for the Plaintiff's rights under the FDCPA. This act goes beyond a procedural misstep; it is a direct violation of the statute's provision designed to protect consumers from the very type of intrusive behavior exhibited by Javitch. The communication was not a benign or neutral action; it was a deliberate attempt to collect a debt, an activity squarely within the ambit of the FDCPA's regulatory framework. By choosing to ignore the Plaintiff's specified communication preference, Javitch has engaged in the type of conduct that the FDCPA explicitly seeks to prevent.

B.    Reaffirmation of Claim's Validity: The Plaintiff categorically denies abandoning his claim. The focused nature of the plaintiff's response to the motion to dismiss was a strategic

decision to concentrate on the substantive aspects of his argument under 15 U.S.C. § 1692c(a)(1). This approach reflects a prioritization of critical issues and in no way signifies an abandonment of the claim.

C.      Addressing 15 U.S.C. § 1692g(b): The Plaintiff acknowledges the Defendant's reference to 15 U.S.C. § 1692g(b) but asserts that compliance with this provision does not permit the violation of other FDCPA protections. The Plaintiff's explicit request for email communication was a legitimate exercise of his rights to specify a convenient communication method, and the Defendant's decision to use mail was a direct contravention of these rights.

D.      Addressing 12 C.F.R. § 1006.6(b)(1) and § 1006.14(h)(2): The Plaintiff disputes the Defendant's interpretation of these regulations as justifying their actions. The exceptions provided in these regulations are not blanket permissions to ignore consumer preferences. The Plaintiff's stipulation for email communication was a clear assertion of his rights under the FDCPA, which the Defendant unjustly ignored.

E.      Legal Precedent and Context: The Plaintiff distinguishes his case from the precedents cited by the Defendant. The strategic focus of the Plaintiff's response should not be misconstrued as abandonment. Unlike the cases cited, the Plaintiff has actively engaged with the core issues of his claim, demonstrating a commitment to seeking redress for.

F.      On the Use of the Three Letters as Evidence Defendant's Point: Javitch asserts that the three letters it attached are central to Marks' claims and are undisputed, suggesting they should be considered when ruling on the motion.

Plaintiff's Response: While the Plaintiff acknowledges that the letters are part of the factual background of the case, their existence does not negate the Plaintiff's claims. The content and the context in which these communications were sent are crucial. The Plaintiff's specific instructions for communication via email were a clear exercise of his rights under the FDCPA to avoid inconvenient and harassing debt collection practices. The Defendant's decision to communicate via mail directly contravened these rights and the spirit of the FDCPA.

G.     On Article III Standing Defendant's Point: Javitch argues that Marks lacks Article III standing due to a lack of causal connection between the alleged injury and the conduct complained of.

Plaintiff's Response: The Plaintiff contends that a direct causal link exists between the defendant's actions and the alleged injuries. The unauthorized and unwanted mail communication, contrary to the Plaintiff's explicit instructions, directly led to the claimed mental and emotional distress and invasion of personal privacy. This distress is a tangible injury recognized under the FDCPA, and thus, the plaintiff has adequately demonstrated standing.

H.     Response to Defendant's Interpretation of "Place" Defendant's Assertion: Javitch argues that Marks' October 17 letter did not specify an inconvenient "place" as required by 15 U.S.C. § 1692c(a)(1) and suggests that the term "place" does not encompass the Plaintiff's preference for email communication.

4

Plaintiff's Counterargument: The Plaintiff contends that the Defendant's interpretation of "place" is overly narrow and fails to account for the realities of modern communication. The term "place" in the context of the FDCPA should not be restricted to physical locations but should also encompass digital spaces where consumers receive communications. This interpretation is crucial in an era where digital communication is ubiquitous and often the primary means of contact for many individuals.

I.  Modern Interpretation of "Place": The Plaintiff asserts that the modern interpretation of "place" should reasonably extend to include digital mediums such as email. In today's digital age, an individual's email inbox is as much a "place" where they receive communications as their physical mailbox. This is especially true when the consumer has explicitly stated a preference for receiving communications through this medium.

   a. Consumer Protection in the Digital Age: The FDCPA is designed to protect consumers from abusive debt collection practices, and this protection should logically extend to all forms of communication that can reach and impact consumers. Ignoring the Plaintiff's specified communication preference and sending a letter to a physical address when the Plaintiff has clearly stated a preference for email communication is akin to calling a consumer at an inconvenient time or place. It disregards the consumer's rights and the intent of the FDCPA to protect against such intrusions.

   b. Impact of Misinterpretation: The Defendant's narrow interpretation of "place" undermines the protective intent of the FDCPA and fails to protect consumers from the

very abuses the Act is designed to prevent. By adhering to an outdated concept of "place," the Defendant is not only disregarding the plaintiff's clearly stated preferences but also the broader consumer rights at stake.

    c.    Supporting Legal Precedents: While specific cases directly addressing the interpretation of "place" in the context of digital communication under the FDCPA might be limited, the Plaintiff urges the court to consider the spirit of the FDCPA and how courts have adapted other laws to account for modern communication technologies. The court's recognition of email as a "place" for the purposes of the FDCPA would be in line with the Act's purpose and the evolution of consumer and communication landscapes.

J.    On the Requirement to Mail Verification Response Defendant's Point: Javitch claims that 15 U.S.C. §1692g(b) required them to mail the verification response.

Plaintiff's Response: The Plaintiff acknowledges the requirement under §1692g(b) but emphasizes that this does not override the consumer's rights under §1692c(a)(1). The Plaintiff's explicit instruction for email communication was a legitimate stipulation to minimize inconvenience and harassment. The Defendant's choice to use mail directly contravened these rights and the protective intent of the FDCPA.

K.    On the Nature of the October 30 Letter Defendant's Point: Javitch contends that the October 30 letter was not a collection attempt but merely provided the requested verification.

Plaintiff's Response: Whether or not the letter was a collection attempt is irrelevant to the violation of the plaintiff's specified communication preferences. The unauthorized mail

communication itself, contrary to explicit instructions, constitutes a breach of the FDCPA's provisions designed to protect consumers from inconvenient and harassing practices.

L.  Response to Claim of Abandonment.

Defendant's Assertion: The defendant cites *Black v. N. Panola Sch. Dist.* and *Terry Black's Barbeque, LLC v. Sate Auto. Mut. Ins. Co.* to argue that failure to address arguments in a motion to dismiss constitutes abandonment of the claim.

Plaintiff's Counterargument: The Plaintiff asserts that his response has been strategic and focused, rather than neglectful. The Plaintiff has chosen to concentrate on the most substantive and compelling aspects of his argument, which does not equate to abandonment but rather reflects a prioritization of arguments that directly address the heart of the claim under 15 U.S.C. § 1692c(a)(1). The cases cited by the Defendant are distinguishable from the current situation, as the Plaintiff here has actively engaged with the core issues of his claim, demonstrating a commitment to seeking redress for the alleged violations.

M.  Response to 15 U.S.C. § 1692g(b) and 12 C.F.R. § 1006.6(b)(1) ¶ 2,5 12 C.F.R. § 1006.14(h)(2)((ii) and (iii).

Defendant's Assertion: Javitch argues that it was entitled to mail the verification response pursuant to 15 U.S.C. § 1692g(b) and the Official Interpretation of 12 C.F.R. § 1006.6(b)(1) ¶ 2,5 12 C.F.R. § 1006.14(h)(2)((ii) and (iii).

Plaintiff's Counterargument: The Plaintiff acknowledges the statutory requirements under 15 U.S.C. § 1692g(b) but emphasizes that these do not override the consumer's rights under 15

U.S.C. § 1692c(a)(1). The Plaintiff's explicit instruction for email communication was a legitimate stipulation to minimize inconvenience and harassment. The exceptions provided in 12 C.F.R. § 1006.14(h)(2) are not blanket permissions to ignore consumer preferences. The Plaintiff's clear and unequivocal specification of email as the only convenient medium was a directive aimed at avoiding undue stress and inconvenience. The Defendant's decision to use an alternate medium was not a benign choice but a significant deviation from the Plaintiff's explicit instructions and the protective framework of the FDCPA.

N.	On the Nature of Injury and Standing Further Elaboration: The Plaintiff wishes to further elaborate on the causal connection between the Defendant's actions and the alleged injuries. The unauthorized and unwanted communication from the defendant, specifically the mailing of the October 30 verification response, contrary to the Plaintiff's explicit instructions, has had a real and substantial impact on the Plaintiff's mental and emotional well-being. This impact is not hypothetical or speculative but tangible and deeply felt.

The Plaintiff experienced specific instances of distress directly attributable to the defendant's actions. For instance, upon receiving the unsolicited mail, the Plaintiff suffered from heightened anxiety, disruption of his daily routine, and a pervasive sense of being violated in his personal space. These are not mere inconveniences but serious intrusions into the plaintiff's mental and emotional sanctuary, leading to sleepless nights, increased stress, and a lingering sense of helplessness and frustration.

Such distress is precisely the type of injury that the FDCPA aims to prevent. The Act is

not merely a set of procedural guidelines but a shield against the very real harm that can result from abusive debt collection practices. By ignoring the Plaintiff's clearly stated communication preferences, the Defendant has not only violated specific provisions of the FDCPA but has also inflicted the kind of harm the Act is designed to protect against.

The tangible nature of the harm suffered by the plaintiff, directly caused by the Defendant's actions clearly establish the Plaintiff's standing to bring this action. The injuries are concrete, particularized, and actual, not conjectural or hypothetical. Therefore, the Plaintiff respectfully submits that this Honorable Court should recognize the severity of the harm inflicted and the clear causal link to the defendant's actions, thereby affirming the plaintiff's standing to pursue this claim.

## II.    CONCLUSION

In conclusion, the Plaintiff, DAJORE J. MARKS, respectfully implores this Honorable Court to consider the detailed rebuttal provided herein and to deny the Defendant's motion to dismiss. The Plaintiff's claims are not only well-founded under the Fair Debt Collection Practices Act (FDCPA) but are also deeply rooted in the fundamental principles of consumer protection and the right to privacy.

On the Interpretation of "Place" in 15 U.S.C. § 1692c(a)(1): The Plaintiff urges the Court to adopt a modern and inclusive interpretation of "place" within the context of the FDCPA. As our society embraces digital communication as an integral part of daily life, it is imperative that our legal understanding evolves accordingly. The Plaintiff's specified preference for email

communication as the only convenient "place" for receiving debt-related communications is a testament to the modern consumer's digital reality. Ignoring this reality not only undermines the legislative intent of the FDCPA but also leaves consumers vulnerable in the very spaces where they are most active and most in need of protection.

On the Violation of 15 U.S.C. § 1692c(a)(1): The Defendant's actions, as alleged, constitute a clear and direct violation of 15 U.S.C. § 1692c(a)(1). By disregarding the Plaintiff's explicit communication preferences, the Defendant has not only intruded upon the Plaintiff's digital "place" of privacy but has also engaged in the type of abusive practice the FDCPA explicitly prohibits. This violation is not a mere technicality but a significant breach that has resulted in real harm to the Plaintiff.

On the Nature and Extent of Damages: The Plaintiff has suffered tangible and significant harm as a direct result of the Defendant's actions. The unauthorized and unwanted mail communication has led to heightened anxiety, emotional distress, and a pervasive sense of invasion of privacy. These injuries are not abstract but are real, deeply felt, and continuous. The distress experienced by the plaintiff is precisely the type of injury the FDCPA aims to prevent, and it is only just that the Plaintiff be afforded the opportunity to seek redress for these violations.

The Plaintiff, therefore, respectfully requests that this Honorable Court recognize the severity of the Defendant's actions and the legitimacy of the Plaintiff's claims. By denying the Defendant's motion to dismiss, the Court will affirm the protective intent of the FDCPA and

ensure that the Plaintiff has the full and fair opportunity to demonstrate the alleged violations and obtain the relief as provided by the FDCPA.

Respectfully submitted:

Dated: 01-02-2024
Dajore J Marks
3760 Broadmoor Drive
Beaumont, TX 77707
Dmarks2011grad@gmail.com

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing was served via USPS mail to:

Michael D. Slodov, OH SCR #0051678
JAVITCH BLOCK LLC
1100 Superior Ave., 19th Floor
Cleveland, OH 44114
(866) 881-2400 ext. 2781
Direct (440) 318-1073
(fax) (216) 685-3039
mslodov@jbllc.com
Attorneys for Defendant
Javitch Block LLC

Dated: 01-02-2024

Dajore J Marks  *Dajore J Marks*