IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DAJORE J. MARKS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-CV-431-MJT- |
| | § | CLS |
| JAVITCH BLOCK LLC, | § | |
| | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION ON**
**DEFENDANT JAVITCH BLOCK LLC'S MOTION TO DISMISS (Doc. #5)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72. Pending before the court is Defendant Javitch Block LLC's Motion to Dismiss. (Doc. #5.) After review, the undersigned recommends that the motion to dismiss should be denied under Rule 12(b)(1) and granted under Rule 12(b)(6).

**I.      Background**

The dispute between the parties consists of three letters. On September 29, 2023, Defendant, a debt collector, sent Plaintiff a letter about a debt Plaintiff allegedly owed to Synchrony Bank. (Doc. #5-1.) This first letter informed Plaintiff that he could dispute the debt and request verification. (*Id.*) Plaintiff responded by letter on October 17, 2023, requesting a verification of the debt and notifying Defendant that "[t]he only convient way to contact me is via email." (Doc. #5-2.) (typographical error in original). On October 30, 2023, Defendant mailed the third letter verifying Plaintiff's debt to Synchrony Bank. (Doc. #5-3.) Plaintiff, proceeding

*pro se*, then filed this action on November 1, 2023, alleging Defendant had violated the Fair Debt Collections Practice Act ("FDCPA") at 15 U.S.C. §1692c(a)(1) "by communicating with Plaintiff via letter after receiving notice that Plaintiff could only be contacted via email."  (Doc. #1 at 3.)

On November 15, 2023, Defendant Javitch filed the instant motion to dismiss under Rules 12(b)(1) and 12(b)(6).  (Doc. #5.)  Defendant first argues that Plaintiff lacks standing as he has not suffered a concrete injury.  Then, Defendant argues that Plaintiff fails to state a claim for the various reasons explained below.  Plaintiff filed a response on December 26, 2023, arguing that he suffered a concrete injury due to an invasion of his privacy.  (Doc. #6.)  A reply and a sur-reply, labeled "response in opposition" were also filed.  (Docs. #7, #8.)  This motion is now ripe for review.

## II.     Legal Standard

### A.  12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  *Ruiz v. Donahue*, 569 F. App'x 207, 210 (5th Cir. 2014) (per curiam) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2002)).   In considering a motion to dismiss, the court must accept as true the allegations and facts set forth in the complaint and may consider matters of fact which may be in dispute.  *Id.*  Generally, the burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.  *Ramming*, 281 F.3d at 161 (citations omitted).

If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits.  *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.), *cert. denied* 536 U.S. 960 (2002) (citations omitted); *see also Goudy-Bachman v. U. S. Dep't of Health and Hum. Servs.*,

764 F. Supp. 2d 684, 689 (M.D. Pa. 2011) (citing *Tolan v. United States*, 176 F.R.D. 507, 509 (E.D. Pa. 1998) ("[w]hen a motion is premised on both lack of subject matter jurisdiction and another Rule 12(b) ground, mootness concerns dictate that the court address the issue of jurisdiction first.")); *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (citations omitted) ("A [motion to dismiss] for lack of subject matter jurisdiction must be considered . . . before other challenge 'since the court must find jurisdiction before determining the validity of a claim.'")

When considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Bryan v. Stevens,* 169 F. Supp. 2d 676, 681 (S.D. Tex. 2001) (citing *Den Norske Stats Oljeselskap As v. Heeremac Vof*, 241 F.2d 420, 424 (5th Cir. 2001)); *see also Carroll v. Abide*, 788 F.3d 502, 504 (5th Cir. 2015). A motion to dismiss based on the complaint alone presents a "facial attack," and requires the trial court "merely to look to the sufficiency of the allegations in the complaint because they are presumed be true." *Bridges v. Freese*, 122 F. Supp. 3d 538, 542 (S.D. Miss. 2015) (quoting *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). In contrast, a "factual" attack challenges the existence of subject matter in fact, irrespective of the pleadings, and matters outside pleadings, such as testimony and affidavits, are considered. *Id.* (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 661, 663 (5th Cir. 1980)).

B. <u>12(b)(6)</u>

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must contain sufficient facts, which accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)).  To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Great Lakes Dredge & Dock Co. LLC v. Louisiana*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly,* 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Rule 12(b)(6) must be read in tandem with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *see also Iqbal*, 556 U.S. at 677-78; *Twombly,* 550 U.S. at 555.  To decide whether the complaint states a valid claim for relief, the court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.  *Great Lakes Dredge,* 624 F.3d at 210.  However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)).  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 679.  The inquiry focuses on the allegations in the pleadings and not on whether the plaintiff has sufficient evidence to succeed on the merits.  *Ackerson v. Bean Dredging*, *LLC*, 589 F.3d 196, 209 (5th Cir. 2009).

Proceeding *pro se*, Plaintiffs' pleadings are necessarily held to "less stringent standards than formal pleadings drafted by lawyers," and are liberally construed by the court.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

### III.    Discussion and Analysis

#### A.  Plaintiff has Standing under 15 U.S.C. §1692c

Under Article III of the United States Constitution, federal courts may only hear actual cases or controversies.  U.S. CONST. art. III, § 2, cl. 1; *Chafin v. Chafin*, 568 U.S. 165, 172 (2013);

*Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 831-32 (5th Cir. 2023).  A party without standing cannot present an actual case or controversy.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559-60 (1992).  To establish standing a "plaintiff must show (i) that he suffered an injury in fact that is *concrete*, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan* 504 U.S. at 560-61) (emphasis added). Even where Congress establishes a statutory private cause of action, a plaintiff must show there is "a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts" for an injury to be concrete.  *TransUnion*, 594 U.S. at 424.

Defendant contends that the receipt of one unwanted letter is not closely related to a harm traditionally recognized by American courts and, therefore, Plaintiff does not have standing.  (Doc. #5 at 8-10.)  In *Perez*, the Fifth Circuit held that the receipt of "a single, unwanted message" constitutes the same kind of harm as protected by "intrusion upon seclusion or other privacy torts." *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 826 (5th Cir. 2022).  Ms. Perez, however, pleaded claims under the antifraud provisions of the FDCPA, which did not protect consumers from the same type of harm as did privacy torts, and the Fifth Circuit would not allow her to "bootstrap" in other provisions of the FDCPA to retroactively match her privacy concerns on appeal.  *Id.*

Here, Plaintiff's complaint alleges Defendant's actions violated 15 U.S.C. §1692c(a)(1), caused him emotional distress, and invaded his "personal privacy."  (Doc. #1 at 3.)  §1692c(a)(1) limits on when and where a debt collector may communicate with a consumer, specifically prohibiting communications "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer."  15 U.S.C. § 1692c(a).  According to one court, "[t]hese prohibitions are certainly aimed, at least in part, at guarding a consumer's privacy,"

5

meaning an individual has standing to bring claims under 15 U.S.C. §1692c "upon [an] intrusion-upon-seclusion theory of factual injury." *Vazzano v. Receivable Mgmt. Servs., LLC*, No. 3:21-CV-0825-D, 2022 WL 17406317, at *3 (N.D. Tex. Dec. 2, 2022).  Based on the briefings, the undersigned sees no reason to depart from the conclusion in *Vazzano*.  Plaintiff, therefore, has standing to bring a claim under the FDCPA under an invasion of privacy theory of injury.  Defendant's motion to dismiss should be denied under Rule 12(b)(1).

### B.   Plaintiff Fails to State a Claim for Which Relief Can Be Granted

Plaintiff failed to respond to the 12(b)(6) portion of the instant motion to dismiss.  (Doc. #6.).  The failure to address an issue in a dispositive motion waives any arguments on that issue. *United States v. Reagan*, 596 F.3d 251, 254–55 (5th Cir. 2010) (defendant's failure to offer any "arguments or explanation ... is a failure to brief and constitutes waiver"); *Magee v. Life Ins. Co. of N. Am.*, 261 F.Supp.2d 738, 748 n. 10 ("[F]ailure to brief an argument in the district court waives that argument in that court."); *see e.g., Mayo v. Halliburton Co.*, No. 10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to respond to defendants' motion to dismiss on this issue and thus waived the argument).  On this ground alone, the court could dismiss Plaintiff's case. *JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018).

Nevertheless, the undersigned finds that Defendant has shown that Plaintiff failed to state a claim for which relief can be granted under 15 U.S.C. § 1692c(a)(1).  Under Rule 12(b)(6), Defendant argues Plaintiff's claims should be dismissed because (1) Plaintiff does not plead the communication was received at an inconvenient time or place, (2) the FDCPA requires a debt collector mail a response to a request for debt verification, (3) the letter at issue does not involve demand for payment as required under the cited provision of the FDCPA, and (4) the letter falls

under two regulatory exceptions to cited provision of the FDCPA.  (Doc. #5 at 10-14.)  The undersigned will address each argument in turn as necessary.

First, Plaintiff did not plead he was contacted at an inconvenient time or place as required under 15 U.S.C. §1692c(a)(1).  Plaintiff's October 30, 2023, letter implies all non-email communication are inconvenient, regardless of the time and place that email is received.  (Doc. #5-3.)[1]  Plaintiff does not allege that he would find receiving an email at his home at the same time the letter was received at his home to be inconvenient, meaning his dispute is with the chosen medium of the communication.  Notably, the FDCPA defines communication as "the conveying of information regarding a debt directly or indirectly to any person *through any medium*."  15 U.S.C. §1692a(2) (emphasis added).  Plaintiff's preference for email communication, therefore, falls outside the scope of his right to limit the time and place of communications from the debt collector under the FDCPA and the caselaw of this circuit.  *See, e.g.*, *Belcher v. Glob. Tr. Mgmt. LLC*, No. 4:19-CV-711-Y, 2020 WL 13429983, at *2 (N.D. Tex. May 14, 2020) (finding a consumer had a right under 15 U.S.C. §1692c(a)(1) to request a debt collector not contact her at work); *Chapin v. Credit Control Servs., Inc.*, No. 4:18-CV-00996, 2020 WL 1898340 (S.D. Tex. Feb. 11, 2020) (finding a consumer had a right to not be contacted at work during typical work hours under 15 U.S.C. §1692c(a)(1)).

As Plaintiff has failed to plead he was contacted at an inconvenient time or place by Defendant, he fails to state a claim for which relief can be granted under 15 U.S.C. §1692c(a)(1). The undersigned, therefore, needs not reach the other arguments raised by Defendant.

---

[1] Generally, the court may only consider "the contents of the pleadings and any attachments thereto" when deciding a motion under Rule 12(b)(6).  *United States ex rel. Gilbert v. Dizney*, No. CV 03-437, 2007 WL 9752048, at *2 (E.D. La. Aug. 3, 2007), *aff'd sub nom. U.S. ex rel. Hebert v. Dizney*, 295 F. App'x 717 (5th Cir. 2008).  The court may consider, however, documents attached to the motion that are "referred to in the plaintiffs' complaint and central to the plaintiff's claims."  Here, Plaintiff's complaint references all three letters, (doc. #1 at 3), and the inclusion of these letters with the motion to dismiss allows the court to address Plaintiff's otherwise conclusory complaint.  (Docs. #5-1, #5-2, #5-3).

### IV.     Conclusion

Plaintiff has standing to sue under 15 U.S.C. §1692c(a)(1) based on a privacy tort theory due to the receipt of one unwanted letter.  However, Plaintiff fails to state a claim under 15 U.S.C. §1692c(a)(1) as he does not plead that the one unwanted letter was received at an inconvenient time or place.

### V.      Recommendation

For the foregoing reasons, the undersigned recommends **DENYING** Defendant's Motion to Dismiss (doc. #5) under 12(b)(1), and **GRANTING** the motion under 12(b)(6).  Plaintiff's claims, therefore, should be **DISMISSED** with prejudice.

### VI.     Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Without leave of court, **objections are limited to eight (8) pages**. E.D. Tex. Loc. R. CV-72(c).

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C.

§ 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 27th day of February, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE