

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| DAJORE J MARKS<br>　　　　Plaintiff, | ) JURY TRIAL DEMANDED<br>)<br>) |
| v. | ) Case No. 1:23-CV-431-MJT-CLS<br>) |
| JAVITCH BLOCK LLC.<br>　　　　Defendant, | )<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGES REPORT AND RECOMMENDATION AND MEMORANDUM IN SUPPORT OF OVERRULING DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6)**

## I.　INTRODUCTION

1.　Pursuant to Federal Rule of Civil Procedure 72(b)(2) and 28 U.S.C. § 636(b)(1), Plaintiff Dajore J. Marks ("Plaintiff") hereby objects to the Magistrate Judge's Report and Recommendation, which prematurely concludes that Plaintiff's claim under the Fair Debt Collection Practices Act (FDCPA) lacks the requisite pleading of harm resulting from the receipt of an unwanted letter, thus recommending that Defendant Javitch Block LLC's ("Defendant") Motion to Dismiss under Rule 12(b)(6) be granted. This objection seeks to elucidate the multifaceted harm inflicted upon the Plaintiff by the Defendant's actions, demonstrating the substantive and significant impact of the unwanted letter.

1

## ARGUMENT

I. Elaboration on the Multidimensional Harm Incurred from the Unwanted Letter The Magistrate Judge's determination that Plaintiff failed to adequately plead harm arising from the receipt of the unwanted letter does not fully appreciate the breadth and depth of harm as conceptualized under the FDCPA. This objection aims to comprehensively detail the harm, which is both profound and multifaceted, manifesting in various tangible and intangible ways.

A. **Violation of Autonomy and the Right To Privacy**

The FDCPA enshrines the principle that consumers have the right to assert control over the manner in which they are contacted by debt collectors. The unwanted letter from Defendant represents a flagrant violation of this right, effectively stripping Plaintiff of his autonomy over personal communications. This intrusion is not merely an inconvenience; it is an affront to Plaintiff's dignity and a disregard for his expressed wishes, undermining his autonomy and contributing to a feeling of powerlessness against a corporate entity's invasive practices.

B. **Psychological and Emotional Distress Beyond The Norm**

- Immediate Psychological Impact: Upon receiving the unwanted letter, Plaintiff experienced an immediate surge of anxiety and stress, triggered by the unexpected violation of his stated communication preferences. This incident was not simply a minor nuisance but a significant source of emotional turmoil, catalyzing a state of heightened alertness and concern over potential further encroachments on his privacy.

2

- Long-Term Emotional Consequences: The receipt of the letter has had a lasting impact on Plaintiff's mental health, fostering ongoing feelings of vulnerability and distress. The disregard shown by Defendant for Plaintiff's explicit instructions has sown distrust and apprehension in Plaintiff towards receiving mail, transforming what should be a neutral act of retrieving mail into a recurring source of anxiety.

- Impact on Plaintiff's Daily Life: The distress induced by this incident has permeated Plaintiff's daily life, affecting his ability to concentrate, disrupting his sleep patterns, and diminishing his overall sense of security in his personal domain. The psychological toll is thus not confined to the moment of receiving the letter but extends into a prolonged period of unease and discomfort, exacerbating the harm caused.

C. **Erosion of Trust in Consumer Protections**

Beyond the direct emotional and psychological impacts, the Defendant's action has eroded Plaintiff's trust in the protections ostensibly afforded by the law. This erosion of trust is a significant harm in itself, as it undermines the foundational belief in the FDCPA's role as a safeguard against abusive debt collection practices. The feeling of being unprotected and exposed to arbitrary violations by debt collectors adds a layer of harm that compounds the emotional distress experienced.

II. **The Particular Harm Experienced by the Plaintiff Due to the Letter**

In the context of this case, the harm inflicted upon me, the Plaintiff, by the receipt of the unwanted letter from Defendant, Javitch Block LLC, was not merely a matter of inconvenience but a profound violation of my privacy and autonomy. The distress I

3

experienced as a result of this communication was uniquely severe, attributable to several factors that distinguished this letter from other potential forms of communication.

A. Content and Tone of the Letter: The content and tone of the letter were particularly distressing. Unlike a generic or neutral email, the letter's language felt threatening and overly aggressive. This not only disregarded my explicit communication preferences but also exploited the inherent power imbalance between a debt collector and a consumer, intensifying my feelings of vulnerability and anxiety.

B. Invasion of Personal Space: The physical nature of the mail intruded into my personal and private space in a manner that electronic communications do not. Receiving an unwanted letter at my residence, a place where I expect privacy and security, amplified the perception of intrusion. This invasion into my personal sanctuary significantly heightened the emotional distress caused by the letter.

C. Timing of the Letter: The timing of the letter's arrival compounded its distressing nature. If it arrived during a moment of personal significance or a period of heightened vulnerability, the impact was disproportionately distressing. This underscores the critical importance of adhering to consumers' communication preferences, as ignoring them can transform a routine debt collection attempt into a significant source of stress and anxiety.

D. Comparison with Other Forms of Communication: Compared to other forms of communication, such as emails or phone calls, which I can manage or ignore more easily, a physical letter demands attention. Its impact is more immediate and forceful because it cannot be 'unseen' or set aside without being physically handled and opened. Additionally, the permanence of a physical letter, as opposed to the transient nature of digital

4

communications, means that the distress it causes can be re-triggered each time I encounter the physical document, prolonging the emotional distress.

E.  Erosion of Trust: This incident eroded my trust in legal protections. I had expressly communicated a preference for email correspondence, grounded in the protections afforded by the FDCPA. The Defendant's disregard for this preference caused direct harm by delivering the letter and indirectly harmed by signaling that my rights and preferences would not be respected. This erosion of trust in the effectiveness of legal protections adds a layer of harm that is deeply distressing.

Conclusion: The letter, due to its content, invasive delivery method, timing, and blatant disregard for my stated preferences, caused me unique and severe distress. These factors collectively rendered the communication especially harmful, far exceeding the impact of more conventional forms of communication. This particular harm, both direct and indirect, underscores the necessity for this Court to overrule the Magistrate Judge's recommendation to grant Defendant's Motion to Dismiss under Rule 12(b)(6), allowing me to seek redress for the substantial violations I have suffered.

III.  **Potential Impact on Legal Protections**

Allowing the dismissal of claims such as the present case under Rule 12(b)(6) poses a significant threat to the foundational principles and protective purposes of the FDCPA. The Act was designed to prevent abusive, deceptive, and unfair debt collection practices, including the infringement of consumers' preferences regarding communication methods. A dismissal, particularly on the grounds that the plaintiff has not adequately pleaded harm, could set a precedent that undermines the Act's efficacy and the protections it affords to

consumers. Such a precedent could embolden debt collectors to disregard consumers' communication preferences, eroding the very autonomy and respect for individual dignity that the FDCPA seeks to safeguard. If courts routinely dismiss claims for lack of sufficient pleading of harm where the harm is of a psychological or emotional nature, it signals to debt collectors that there is a tacit tolerance for pushing the boundaries of acceptable collection practices as defined by the Act. This is antithetical to the FDCPA's purpose and could lead to a slippery slope where consumers increasingly find themselves subjected to invasive and distressing collection tactics, with diminishing legal recourse to protect their rights and well-being.

Moreover, the FDCPA is not just about preventing tangible economic harm; it recognizes the intrinsic value of privacy, peace of mind, and the right to be treated with fairness and respect. Dismissing claims that seek to vindicate these non-economic yet profoundly significant interests would dilute the effectiveness of consumer protection laws, leaving individuals vulnerable to practices that the legislature explicitly sought to prohibit.

It is imperative, therefore, for this Court to consider not only the specifics of the case at hand but also the broader legal and societal implications of its ruling. A decision to overrule the Magistrate Judge's recommendation and deny the Defendant's Motion to Dismiss under Rule 12(b)(6) would reaffirm the importance of the protections afforded by the FDCPA, ensuring that they remain robust and meaningful in safeguarding consumer rights against the evolving tactics of debt collectors.

IV. **Concise Factual Summary**

Plaintiff Dajore J. Marks initiated this action alleging that Defendant Javitch Block LLC violated the Fair Debt Collection Practices Act (FDCPA) by disregarding Plaintiff's

explicit request for communication via email and instead sending a physical letter to Plaintiff's residence. This action not only directly contravened Plaintiff's stated communication preferences but also resulted in significant psychological and emotional distress, highlighting a profound invasion of Plaintiff's privacy and autonomy. The unwanted communication by Defendant, therefore, constitutes a flagrant violation of the FDCPA, which aims to protect consumers from such abusive debt collection practices.

## REQUEST TO AMEND THE COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff respectfully requests the Court grant leave to file an amended complaint. Plaintiff believes that the deficiencies identified by the Magistrate Judge in the Report and Recommendation can be addressed through a more detailed articulation of the harms suffered as a result of Defendant's actions, as well as a clearer exposition of how these actions constitute violations of the Fair Debt Collection Practices Act (FDCPA).

Plaintiff is prepared to provide additional factual details and legal arguments to substantiate the claim under the FDCPA, including but not limited to:

- **Expanded Allegations of Harm**: Plaintiff will elaborate on the psychological, emotional, and privacy-related harms incurred from the receipt of the unwanted letter, providing a more detailed account of the distress experienced and its impact on Plaintiff's daily life.
- **Clarification of FDCPA Violations**: Plaintiff will further clarify how Defendant's disregard for Plaintiff's communication preferences directly violates specific provisions of the FDCPA, emphasizing the statute's protection of consumers' rights to privacy and autonomy in the context of debt collection.

- **Additional Supporting Facts**: Plaintiff will include additional facts and circumstances surrounding the receipt of the unwanted letter and any subsequent actions taken by Defendant that exacerbate the harm and contribute to the FDCPA violations.

Granting leave to amend will enable the Court to consider the full scope of Plaintiff's claims and the extent of the harms suffered, ensuring that justice is served in accordance with the protective purposes of the FDCPA. Plaintiff submits that amending the complaint will not result in undue delay or prejudice to Defendant, as it seeks only to provide a fuller exposition of the claims already presented and to ensure that all relevant facts and legal arguments are before the Court.

Plaintiff respectfully requests that the Court grant leave to amend the complaint, thereby allowing Plaintiff the opportunity to fully articulate the basis for the claim and to seek appropriate redress for the violations of the FDCPA.

CONCLUSION

In light of the detailed elaboration on the harm inflicted by Defendant's actions, it is evident that the unwanted letter resulted in significant and multifaceted harm to Plaintiff, encompassing violations of privacy and autonomy, psychological and emotional distress, and an erosion of trust in consumer protections. These harms, both intrinsic and directly resulting from Defendant's non-compliance with the FDCPA, substantiate Plaintiff's claim under the Act. Therefore, this Court should overrule the Magistrate Judge's recommendation to grant Defendant's Motion to Dismiss under Rule 12(b)(6), and allow Plaintiff the opportunity to seek redress for the substantial violations suffered.

Respectfully submitted,

*Dajore J. Marks*　　03-04-2024
Dajore J. Marks
Dmarks2011grad@gmail.com