IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DAJORE J. MARKS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-CV-431-MJT-CLS |
| | § | |
| JAVITCH BLOCK LLC, | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM ORDER OVERRULING
PLAINTIFFS' OBJECTIONS AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE [Dkt. 9]**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the District Court referred this proceeding to the Honorable Christine L. Stetson to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

Pending before the Court is Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) and 12(b)(6) [Dkt. 5]. On February 27, 2024, Jude Stetson issued a Report and Recommendation [Dkt. 9] on that motion with the following conclusions and recommendations: (1) Plaintiff had standing to bring a claim under the Fair Debt Collections Practice Act ("FDCPA") under a privacy tort injury theory, meaning Defendant's motion should be denied under 12(b)(1), and (2) Plaintiff failed to state a claim under the FDCPA, meaning Defendant's motion should be granted under Rule 12(b)(6). On March 4, 2024, Plaintiff filed timely objections [Dkt. 10], and Defendant filed a timely response [Dkt. 11].[1]

---

[1] Plaintiff then filed a reply [Dkt. 12], but the Court will not consider this filing during its *de novo* review of the Report and Recommendation, as it is an improper filing under the local rules. E.D. Tex. Loc. R. CV-72(b).

### I. Plaintiffs' Objections to the Report and Recommendation are Overruled

#### A. Legal Standard

A party who timely files specific, written objections to a magistrate judge's Report and Recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

#### B. Discussion

Judge Stetson found Plaintiff failed to state a claim under 15 U.S.C. §1692(c)(a)(1) because he did not plead he was contacted at an inconvenient time or place as required under the statute, but rather took contention with the medium of the communication at issue [Dkt. 9 at 7]. Plaintiff's objections are generally non-responsive to this finding. For example, Plaintiff provides pages explaining how he was harmed by Defendant's letter to Plaintiff [Dkt. 10 at 1-4]. The Court needs not address such arguments as they are not specific objections to the Report and Recommendation. After thorough review of the filing, the Court finds that Plaintiff has discernably objected in the following ways: (1) Plaintiff contends Judge Stetson allegedly erred by finding Plaintiff did not plead that the October 30, 2023, letter was received at an inconvenient time and place, and (2) even if Plaintiff did fail to state claim, he argues he should be given leave to amend his complaint.

Defendant merely responds to note the deficient form and specificity of Plaintiff's objections [Dkt. 11]. The Court will address each argument in turn.

### i.  *Plaintiff Did Not State a Claim under the FDCA*

§1692c(a)(1) places limits on when and where a debt collector may communicate with a consumer, specifically prohibiting communications "at any unusual time or place or a time or place known, or which should be known to be inconvenient to the consumer." 15 U.S.C. § 1692c(a). Plaintiff filed suit alleging Defendant had violated the Fair Debt Collections Practice Act ("FDCPA") at 15 U.S.C. §1692c(a)(1) "by communicating with Plaintiff via letter after receiving notice that Plaintiff could only be contacted via email." (Doc. #1 at 3.) Judge Stetson found Plaintiff's pleadings alleged an injury tied to the medium of communication, not the time or place of communication.

Plaintiff objects to this finding, arguing that "[t]he physical nature of the mail intruded into [his] personal and private space in a manner that electronics communications do not" [Dkt. 10 at 4]. Plaintiff does not state that the place at issue—his home—was inconvenient, but rather the medium of the communication—a letter—caused harm. Plaintiff then argues that the "timing of the letter's arrival compounded its distressing nature" [*Id.*]. Nowhere in the pleadings does Plaintiff state what time the letter was received, why that time was inconvenient, or why Defendant should have known that the time was inconvenient. In fact, he does not even provide an exact date, stating the letter was "received [o]n or about October 30th, 2023" [Dkt. 1 at 3]. Plaintiff again focuses more on the medium of the communication, stating "the permanence of a physical letter, as opposed to the transient nature of the digital communication" prolongs his stress and harm [Dkt. 10 at 4-5].

As Judge Stetson noted in her Report and Recommendation, the FDCPA defines communication as "the conveying of information regarding a debt directly or indirectly to any person *through any medium*." 15 U.S.C. §1692a(2) (emphasis added). Accordingly, the FDCPA distinguishes between a preference in medium and a consumer's right to not be contacted at a time or place known to be inconvenient. *See, e.g.*, *Belcher v. Glob. Tr. Mgmt. LLC*, No. 4:19-CV-711-Y, 2020 WL 13429983, at *2 (N.D. Tex. May 14, 2020) (finding a consumer had a right under 15 U.S.C. §1692c(a)(1) to request a debt collector not contact her at work); *Chapin v. Credit Control Servs., Inc.*, No. 4:18-CV-00996, 2020 WL 1898340 (S.D. Tex. Feb. 11, 2020) (finding a consumer had a right to not be contacted at work during typical work hours under 15 U.S.C. §1692c(a)(1)). After review of the record, the Court finds Plaintiff failed to plead the letter at issue was received at an inconvenient time or place. This objection is, therefore, overruled.

### ii. Leave to Amend Would be Futile

In his objections, Plaintiff requests leave to amend his complaint to "expand allegations of harm," clarify the FDCPA violations at issue, and provide additional supporting facts [*Id.* at 7-8]. Leave to amend to cure pleading deficiencies should be freely given unless the court finds that amendment would be futile. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000). Here, amendments would be futile as Plaintiff's contention is that the medium of the communication caused him harm, not the time or place of the communication as is required under §1692c(a)(1). Even Plaintiff's letter that he alleges put Defendant on notice that Plaintiff only finds emails convenient cannot be interpreted as notice that the time or place at issue here were inconvenient.[2]

---

[2] Generally, the court may only consider "the contents of the pleadings and any attachments thereto" when deciding a motion under Rule 12(b)(6). *United States ex rel. Gilbert v. Dizney*, No. CV 03-437, 2007 WL 9752048, at *2 (E.D. La. Aug. 3, 2007), *aff'd sub nom. U.S. ex rel. Hebert v. Dizney*, 295 F. App'x 717 (5th Cir. 2008). The court may consider, however, documents attached to the motion that are "referred to in the plaintiffs' complaint and central to

4

## II. Conclusion and Order

The Court has conducted a *de novo* review of Plaintiffs' objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, Plaintiffs' objections [Dkt. 10] are OVERRULED. The Report and Recommendation of the United States Magistrate Judge [Dkt. 9] is ADOPTED.

Defendant's Motion to Dimiss [Dkt. 5] is DENIED under 12(b)(1), and GRANTED under 12(b)(6). Plaintiff's claims against Defendant are DIMISSED with prejudice. Plaintiff's request for leave to amend is DENIED. As all of Plaintiff's claims are DISMISSED, a final judgment of dismissal will be entered.

IT IS SO ORDERED.

**SIGNED this 14th day of March, 2024.**

Michael J. Truncale
United States District Judge

---

the plaintiff's claims." Here, Plaintiff's complaint references three letters, (doc. #1 at 3), and the inclusion of these letters with the motion to dismiss allows the court to address Plaintiff's otherwise conclusory complaint. (Docs. #5-1, #5-2, #5-3)